IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| BRIAN TUCKER, individually and on behalf of all others similarly situated, | : : : | |
| | : | Case No: |
| Plaintiff, | : : | |
| | : | Hon. |
| v. | : : | |
| HEART TO HEART HOSPICE OF DETROIT, LLC, HEART TO HEART HOSPICE OF EAST MICHIGAN, LLC, HEART TO HEART HOSPICE OF FLINT, LLC, HEART TO HEART HOSPICE OF GRAND RAPIDS, LLC, HEART TO HEART HOSPICE OF LANSING, LLC, HEART TO HEART HOSPICE OF MID-MICHIGAN, LLC, and HEART TO HEART HOSPICE OF SOUTH GATE, LLC, d/b/a HEART TO HEART HOSPICE, jointly and severally, | : : : : : : : : : : : : : : : : : | |
| Defendants. | | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Brian Tucker ("Plaintiff"), by and through his undersigned

attorneys, hereby brings this Action against Defendants Heart to Heart Hospice of

Detroit, LLC, Heart to Heart Hospice of East Michigan, LLC, Heart to Heart Hospice

of Flint, LLC, Heart to Heart of Grand Rapids, LLC, Heart to Heart Hospice of

Lansing, LLC, Heart to Heart Hospice of Mid-Michigan, LLC, and Heart to Heart

Hospice of South Gate, LLC, d/b/a Heart to Heart Hospice (collectively the "Defendants"), to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in and Federal or State court of competent jurisdiction."

3. Venue is proper in this Court pursuant to 28 USC § 1391(b) and (c) because Defendants regularly do business in this judicial District.

4. Plaintiff, Brian Tucker, is a resident of Monroe, Michigan.

5. Defendant Heart to Heart Hospice of Detroit, LLC's principal place of business is located in Oakland County, Michigan.

6. Defendant Heart to Heart Hospice of East Michigan, LLC's principal place of business is located in Genesee County, Michigan.

7. Defendant Heart to Heart Hospice of Flint LLC's principal place of business is located in Genesee County, Michigan.

2

8.      Defendant Heart to Heart of Grand Rapids, LLC's principal place of business is located in Kent County, Michigan.

9.      Defendant Heart to Heart of Lansing, LLC's principal place of business is located in Ingham County, Michigan.

10.     Defendant Heart to Heart Hospice of Mid-Michigan, LLC's principal place of business is located in Saginaw County, Michigan.

11.     Defendant Heart to Heart Hospice of South Gate, LLC's principal place of business is located in Wayne County, Michigan.

12.     Defendants collectively operate their business under the name of Heart to Heart Hospice.

## PARTIES

13.     Plaintiff worked for Defendants as an hourly licensed practical nurse ("LPN") in Michigan (Monroe, Washtenaw, Lenaway, Wayne, Oakland, and Macomb counties) from approximately June 2014 through January 2024.

14.     Defendants operate seven (7) different service locations in Michigan: Bingham Farms, East Lansing, Flint, Jackson, New Baltimore, Saginaw, and Southgate.[1]

15.     Defendants also operate one (1) inpatient center in Troy, Michigan.[2]

16.     The registered agent for each of the Michigan entities is The

---

[1] *See* https://hearttohearthospice.com/contact/?state=mi#service-locations (last visited May 9, 2024).
[2] *Id.*

Corporation Company with a registered address located at 40600 Ann Arbor Rd., E.,

Ste. 201, Plymouth, Michigan 48170.

17.   Defendants engaged in a common "enterprise" through "common operations"

and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the

provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

18.   Defendants were "joint employers" within the meaning of the FLSA, and

have, to their mutual financial benefit and competitive business advantage, harmed

Plaintiff and all others similarly situated in violation of the FLSA.

## FACTUAL ALLEGATIONS

19.   Defendants are in the business of providing hospice care.  Specifically,

Defendants provide medical care and supportive services for patients at the end of

life.[3]

20.   Defendants hired Plaintiff in June 2014 as an hourly non-exempt

licensed practical nurse ("LPN")

21.   Plaintiff separated from Defendants in January 2024.

22.   Plaintiff's most recent hourly rate with Defendants was $30.75 per

hour.

23.   Over the course of his employment with Defendants, Plaintiff regularly

worked in excess of 40 hours per week.

---

[3] *See* https://hearttohearthospice.com (last visited May 9, 2024).

24.     Defendants never paid Plaintiff an overtime premium at 1.5 times his regular hourly rate of pay.

25.     As one example, Plaintiff's pay stub for the pay period beginning 12/01/2023 through 12/15/2023 shows 125.32 hours of work, a base hourly rate of $30.75 for all hours worked, and gross earnings of $3,853.59.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendants' current and former licensed practical nurses who worked for Defendants in Michigan at any time in the past three years.

27.     Plaintiff and putative Collective members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals worked overtime hours but did not receive an overtime premium rate as required by the FLSA.

28.     Resolution of this action requires inquiry into common facts.

29.     These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

30.     Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through

direct U.S. mail and/or other means, including email and text message, and allowed

to opt in for the purpose of collectively adjudicating their claims for unpaid overtime

compensation, liquidated damages and/or interest, and attorneys' fees and costs

under the FLSA.

31.     Upon information and belief, there are dozens of similarly situated

current and former employees of Defendants who were not paid their required wages

and who would benefit from the issuance of court-authorized notice of this lawsuit

and the opportunity to join it.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 201, *et seq.*) – FAILURE TO PAY OVERTIME

32.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully

stated herein.

33.     At all times relevant to this action, Defendants "suffered or permitted"

Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29

U.S.C. § 203(g).

34.     Each Defendant was an employer within the meaning of 29 U.S.C. §

203(d).

35.     Defendants were also joint "employers" under the FLSA, 29 U.S.C. §

203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

36.     Defendants engaged in an "enterprise" through "common operations"

and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the

provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

37.     The FLSA requires an employer to pay employees the federally

mandated overtime premium rate of one and one-half times their regular rate of pay

for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

38.     Plaintiff worked in excess of forty (40) hours per workweek while

employed by Defendants.

39.     Defendants violated the FLSA by failing to pay Plaintiff overtime

compensation, at the rate of one and one-half times his regular hourly rate, for all

hours worked in excess of 40 hours per workweek.

40.     Plaintiff was not exempt from the overtime pay requirements of the

FLSA.

41.     The Fair Labor Standards Act requires all employers to keep all payroll

records and time records for at least three (3) years (including all basic timecards

and daily starting/stopping times of individual employees). See 29 U.S.C. § 211(c);

29 C.F.R. 516.1, *et seq.*

42.     Upon information and belief, Defendants violated their record keeping

obligations under the FLSA.

43.     Defendants' violations of the FLSA were willful, with knowledge or

reckless disregard of the statutory overtime requirements.

44.     As a result of the foregoing, Plaintiff was injured and seeks appropriate

relief against Defendants including unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a.   Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff a list of all current and former licensed practical nurses who worked for Defendants in Michigan at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate.

b.   An Order designating Plaintiff as representative of the FLSA Collective; and the undersigned as counsel for the same;

c.   A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e.   A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f.   An award of pre-judgment and post-judgment interest;

g.   An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, by and through his attorneys, Sommers Schwartz, P.C., hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: May 9, 2024                    Respectfully Submitted,

*/s/ Jesse L. Young*
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
141 E. Michigan Ave., Ste. 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Jason J. Thompson (P47184)
Kathryn E. Milz (IL ARDC 6297213)
SOMMERS SCHWARTZ, P.C.
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com
kmilz@sommerspc.com

*Counsel for Plaintiff and the Proposed Collective*